UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR BAUTISTA MORALES, et al.,

           Plaintiffs,

  -against-

MBG TAVERNS INC., d/b/a The Storehouse, et al.,

           Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/24/2019
```

18-CV-6431 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated May 22, 2019 (Dkt. No. 40), seeking approval of their proposed settlement agreement (Agreement) (Dkt. No. 40-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement requires defendants MBG Taverns Inc. (MBG) and Michael Gralton (collectively, the Signatory Defendants) to pay $60,000 to settle this action. Ag. ¶ 1. Of that sum, $15,201.36 will go to plaintiff Omar Bautista Morales and $24,799.86 will go to plaintiff Jose Luis Yanez Cortes, in full settlement of their Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) claims. *Id*. ¶¶ 1(a)-(r). The remaining $20,000.34 will go to plaintiffs' attorneys for their fees and costs. *Id*. The payments will be made in eighteen equal installments, each of which will be apportioned among Morales, Cortes, and counsel in proportion to the total amounts ultimately due to each. *Id*. Defendant MBG and Michael Gralton have executed confessions of judgment for $60,000, which will be held in escrow by plaintiffs' counsel as security for the installment payments. *Id*. ¶ 1(r) & Exs. A-B.

    The Agreement includes bilateral releases. Plaintiffs will release the Signatory Defendants and Bernard Gralton (who was named as a defendant, and filed an answer, but is not a signatory

to the Agreement), together with their "heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers," from any and all claims, known or unknown, "relating specifically to the claims in this Litigation that have occurred as of the Effective Date of this Agreement." Ag. ¶ 2. The Signatory Defendants (but not Bernard Gralton) will release plaintiffs from any and all "known" claims "relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement." *Id*. There is no confidentiality clause.

The Court has reviewed the terms of the Agreement and finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. The proposed attorney's fee award is also fair. Plaintiffs' attorneys will receive $20,000.34 in fees and costs, of which $574.63 will reimburse them for the filing fee and other out-of-pocket costs incurred by counsel in connection with this action, leaving $19,425.71 for their attorneys' fee award. That sum represents approximately 32.7% of the net settlement payment of $59,425.20 (gross settlement payment less costs), which is within the range ordinarily approved in this district. *See Martinez v. SJG Foods LLC*, 2017 WL 4676828, at *2 (S.D.N.Y. Oct. 16, 2017) (quoting *Meza v. 317 Amsterdam Corp.*, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)) ("When using a percentage of the fund approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'"); *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 2015 WL 5122530, at *1 n.1 (S.D.N.Y. Aug. 31, 2015) ("attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs"). I have also reviewed counsel's time records, which show a lodestar of $12,190 and do not call into question the reasonableness of the fee.

Accordingly, the Agreement is APPROVED and this action is DISMISSED with prejudice. The Court will retain jurisdiction for the limited purpose of enforcing the Agreement if necessary.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
June 24, 2019

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**